UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANNA LEE TESKE,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-1480-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance benefits ("DIB"), and widow's insurance benefits ("WIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 11 & 17. For the reasons discussed below, I will grant plaintiff's motion, deny the Commissioner's, and remand for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On May 11, 2022, plaintiff filed an application for a period of disability and DIB, alleging disability beginning April 14, 2022. Administrative Record ("AR") at 499. She also filed an application for WIB on May 24, 2022. *Id.* at 508. Her applications were denied initially and on reconsideration. *Id.* at 342-43, 378-79. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 279-310. On May 2, 2024, the ALJ issued a decision denying plaintiff's disability claims. *Id.* at 12-30.

Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

3. The prescribed period ends on February 28, 2026.

4. The claimant has not engaged in substantial gainful activity (SGA) since April 14, 2022, the alleged onset date.

   * * *

5. The claimant has the following severe impairments: psoriatic arthritis; bursitis of the bilateral hips; chondromalacia patellae of the left knee; cervical spondylosis; degenerative disc disease of the lumbar spine; asthma; and migraines.

   * * *

6. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; frequent reaching in front and overhead with both arms; frequent handling objects and fingering with the right dominant hand; occasional exposure to irritants such as fumes, odors, dusts, and gases; occasional exposure to poorly ventilated areas; occasional exposure to chemicals; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; and occasional exposure to unprotected heights.

   * * *

8. The claimant is capable of performing past relevant work as a receptionist and retail manager. This work does not require the

> performance of work-related activities precluded by the claimant's residual functional capacity.
>
> * * *
>
> 9. The claimant has not been under a disability, as defined by the Social Security Act, from April 14, 2022, through the date of this decision.

AR 17-30 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-3. She now seeks judicial review under 42 U.S.C. §§ 405(g).

**Analysis**

Plaintiff raises three arguments. She claims that: (1) remand is warranted so that the ALJ may evaluate new material evidence that is critical to the evaluation of her disability claim; (2) the ALJ failed to provide clear, convincing, and well-supported reasons for discounting her allegations of pain and physical dysfunction; and (3) the ALJ erred by omitting mental work restrictions from plaintiff's residual functional capacity. ECF No. 11 at 2. I find plaintiff's second argument persuasive and need not consider the others. I will, for the reasons stated below, remand this matter for additional proceedings.

Plaintiff testified that, among various other ailments, she experiences severe, debilitating migraines. AR 285-86. These headaches are so severe that, when they come on, plaintiff states that she has to lie down in a darkened room for approximately three hours. *Id.* at 296. In her decision, the ALJ found that her medically determinable impairments could reasonably be expected to cause these symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence of record . . . ." *Id.* at 22.

To evaluate a claimant's subjective testimony, an ALJ must engage in a two-step process. First, an ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations

omitted). "[Plaintiff] need only show that it could reasonably have caused some degree of the symptom." *Id.* Second, absent evidence of malingering, an ALJ must offer "specific, clear and convincing reasons" for rejecting a claimant's testimony. *Id.* at 1014-15. Here, the ALJ found that plaintiff's impairments could reasonably be expected to cause her migraine symptoms, but that her statements regarding the intensity, persistence, and limiting effects of these issues were "not entirely consistent" with the medical and other evidence of record. AR 22. She failed, however, to articulate a clear and convincing rationale for rejecting plaintiff's subjective testimony about her migraines.

With respect to plaintiff's migraines, the ALJ found that "[r]ecords from prior to the alleged onset date support [that] the claimant did complain of migraine headaches, with the claimant complaining that migraines were becoming more frequent, though examinations showed her to remain neurologically intact." *Id.* at 24 (internal citations to the record omitted). As an initial matter, "the ALJ cannot rely on an absence of positive medical evidence to discredit a claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1201 (9th Cir. 2024); *see also Garrison*, 759 F.3d at 1014 ("A claimant is not required to produce 'objective medical evidence of the pain or fatigue itself, or the severity thereof.'") (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

The ALJ also noted that, throughout 2022, plaintiff received several Botox injections to treat her migraines and that these treatments provided relief, ensuring the headaches were "mild in severity." AR 25. The records indicate, however, that the headaches were persistent. *Id.* at 695. The first Botox injection was given in April 2022, and, in May 2022, plaintiff told her provider that her days were better "but not great." *Id.* Headaches in July 2022 were stated to be "milder," *id.*, but it is not obvious from the record that these milder headaches were inconsistent with her testimony. It might, for instance, be that the headaches were improved, but still debilitating; the records provide no clarity on this issue. *See Martinez v. Comm'r of Soc. Sec.*, No. 1:20-cv-00439-GSA, 2021 U.S. Dist. LEXIS 129639, *18 (E.D. Cal. Jul. 12, 2021) ("[T]his Court has observed that 'fairly stable' and 'doing well' are relative terms.").

In September 2022, plaintiff told providers that she was still having migraine headaches three days a week, the same number that she testified she was experiencing in May 2021, before starting Botox injections. AR 695. It is true, though not explicitly relied upon by the ALJ, that, in October 2022, plaintiff told providers that, since beginning Botox she had "stretches" without headaches and an overall improvement in functioning, *id.* at 680—but there is no analysis discussing this specific improvement or connecting it with reasons to discount plaintiff's subjective testimony as to her migraines. And other courts have noted that treatment notes finding "improvement" do not, without more, amount to a clear and convincing reason for discounting a claimant's testimony. *See C.P. v. Soc. Sec. Comm'r*, No. 24-cv-06986-LJC, 2026 U.S. Dist. LEXIS 68322, *30 (N.D. Cal. Mar. 30, 2026) ("[T]he record indicates that [the claimant] could both respond positively to treatment and still experience significant pain. That her doctors noted some improvement is thus not a clear and convincing reason to discount [claimant's] testimony about her pain levels or function.") Finally, I note that at the hearing before the ALJ, plaintiff testified that, even with Botox injections and several other medications, she still experienced three to four migraines a week. AR 296. This is consistent with her medical records wherein she noted that, despite Botox improving the severity of her headaches, the overall frequency remained at roughly three a week. *Id.* at 695.

I find that remand is appropriate so that the ALJ may reassess plaintiff's subjective allegations. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Soc. Sec. Admin.*775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is GRANTED.
2. The Commissioner's cross-motion for summary judgment, ECF No. 17, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: August 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE